United States District Court
District of Connecticut
FILED AT   BRIDGEPORT
7 | 17 | 2013      20
Roberta D. Tabora, Clerk
By _____
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRAND JURY B-12-1

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. |
| v. | VIOLATIONS: |
| RICHARD ANDERSON, a.k.a. "Mayut" and "Porter," <br> JEFFREY BENTON, a.k.a. "Fresh," <br> CHOLOE BRIGHT, a.k.a. "Chi-Chi" and "Chello," <br> PHILIP BRYANT, a.k.a. "Phat Phil" and "Fizzy," <br> DANIEL EVANS, a.k.a. "D-Nice," <br> ERICK EVANS, a.k.a. "E.J." and "Hoov," <br> GILBERT GALAN, Jr., a.k.a. "G" and "Skittles," <br> PIERRE GALAN, a.k.a. "P.L.O.," <br> WILLIAM HINES, a.k.a. "Gunz," <br> EMORY JAMES, a.k.a. "Emmo," <br> LAMAR JONES, a.k.a. "Cream," <br> COREY MADDOX, a.k.a. "C.L.," <br> JAMES MOORE, a.k.a. "Coolie D," <br> CHRISTINA PALLUOTO, <br> ROY REID, a.k.a. "Jamma," <br> NELSON RIOS, a.k.a. "Pito," <br> MICHAEL SANTANA, <br> ROBERT SANTOS, a.k.a. "Scoot," <br> ALEXIS SUTTON, <br> JOSE TORRES, a.k.a. "Lethal," and <br> MARCUS WYLIE, a.k.a. "Wally Don" | 21 U.S.C. §§ 841(a)(1), <br> 841(b)(1)(A), 841(b)(1)(B), <br> 841(b)(1)(C), and 846 (Conspiracy <br> to Distribute and to Possess With <br> Intent to Distribute Narcotics) <br><br> 21 U.S.C. §§ 841(a)(1) and <br> 841(b)(1)(C) (Possession with Intent <br> to Distribute Narcotics) <br><br> 18 U.S.C. §§ 922(g)(1) and <br> 924(a)(2) (Unlawful Possession of a <br> Firearm/Ammunition by a Convicted <br> Felon) <br><br> 18 U.S.C. §§ 924(c)(1)(A) and <br> 924(c)(2) (Possession of a Firearm in <br> Furtherance of a Narcotics <br> Trafficking Crime) <br><br> 18 U.S.C. § 2 (Aiding and Abetting) <br><br> 18 U.S.C. § 924(d), 21 U.S.C. § 853 <br> and 28 U.S.C. § 2461(c) (Criminal <br> Forfeiture) |

SUPERSEDING INDICTMENT

The Grand Jury charges:

COUNT ONE
(Conspiracy to Distribute and to Possess with Intent to Distribute Narcotics)

1.      From approximately January 2011 through approximately January 2012, the exact

dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the

defendants RICHARD ANDERSON, a.k.a. "Mayut" and "Porter," JEFFREY BENTON, a.k.a. "Fresh," CHOLOE BRIGHT, a.k.a. "Chi-Chi" and "Chello," PHILIP BRYANT, a.k.a. "Phat Phil" and "Fizzy," DANIEL EVANS, a.k.a. "D-Nice," ERICK EVANS, a.k.a. "E.J." and "Hoov," GILBERT GALAN, Jr., a.k.a. "G" and "Skittles," PIERRE GALAN, a.k.a. "P.L.O.," WILLIAM HINES, a.k.a. "Gunz," EMORY JAMES, a.k.a. "Emmo," LAMAR JONES, a.k.a. "Cream," COREY MADDOX, a.k.a. "C.L.," JAMES MOORE, a.k.a. "Coolie D," CHRISTINA PALLUOTO, ROY REID, a.k.a. "Jamma," NELSON RIOS, a.k.a. "Pito," MICHAEL SANTANA, ROBERT SANTOS, a.k.a. "Scoot," ALEXIS SUTTON, JOSE TORRES, a.k.a. "Lethal," and MARCUS WYLIE, a.k.a. "Wally Don," together with Kevin Wilson, a.k.a. "Nature" and "Nate," Lynwood Bacote, a.k.a. "Max," Ezel Buchanan, a.k.a. "E.Z.," Raymond Carson, a.k.a. "Dirt," Vincent Clark, a.k.a. "Nu-Nu" and "Duke," Fredrick Cox, a.k.a. "Boot," Fredrick Cox, Sr., a.k.a. "Bama-Lama," Darrell Davis, a.k.a. "Baller," Johnny De Los Santos, a.k.a. "Na-Na," Jose DeJesus, a.k.a. "Flaco," Joshuwa Diaz, a.k.a. "Fot," Eric Durant, a.k.a. "5-8," Jermaine Galberth, a.k.a. "Maine," Carl Hailey, a.k.a. "Squirt," Jesus Morales, a.k.a. "Cano," Amaury P'Dilla, a.k.a. "Audi," Quiyon Reed, a.k.a. "Gutter," Juan Vargas, a.k.a. "Juan Chiefy," Jacqueline Valentine, and Tyrice White, a.k.a. "Ears," who are not named as defendants herein but are charged by separate indictment, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate the narcotics laws of the United States.

2.      It was a part and an object of the conspiracy that the defendants ANDERSON, BENTON, BRIGHT, BRYANT, DANIEL EVANS, ERICK EVANS, GILBERT GALAN, Jr., PIERRE GALAN, HINES, JAMES, JONES, MADDOX, MOORE, PALLUOTO, REID, RIOS, SANTANA, SANTOS, SUTTON, TORRES, and WYLIE, together with Wilson, Bacote, Buchanan, Carson, Clark, Fredrick Cox, Fredrick Cox, Sr., Davis, De Los Santos, DeJesus, Diaz,

2

Durant, Galberth, Hailey, Morales, P'Dilla, Reed, Vargas, Valentine, and White, and others known and unknown to the Grand Jury, would distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

3.      Defendants GILBERT GALAN, Jr. and PIERRE GALAN knew or reasonably should have foreseen from their own conduct and that of other members of the conspiracy that the narcotics conspiracy charged in Count One involved one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i).

4.      Defendant SANTANA knew or reasonably should have foreseen from his own conduct and that of other members of the conspiracy that the narcotics conspiracy charged in Count One involved 280 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii).

5.      Defendants BENTON, RIOS and SANTOS knew or reasonably should have foreseen from their own conduct and that of other members of the conspiracy that the narcotics conspiracy charged in Count One involved 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(i).

6.      Defendant SANTANA knew or reasonably should have foreseen from his own conduct and that of other members of the conspiracy that the narcotics conspiracy charged in Count One involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii).

3

7.     Defendants ANDERSON, BRYANT, ERICK EVANS and JONES knew or reasonably should have foreseen from their own conduct and that of other members of the conspiracy that the narcotics conspiracy charged in Count One involved 28 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

8.     Defendants BRIGHT, BRYANT, DANIEL EVANS, HINES, JAMES, MADDOX, MOORE, PALLUOTO, REID, SUTTON, TORRES and WYLIE knew or reasonably should have foreseen from their own conduct and that of other members of the conspiracy that the narcotics conspiracy charged in Count One involved a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

COUNT TWO
(Possession with Intent to Distribute Heroin)

9.     On or about December 28, 2011, in the District of Connecticut, the defendant JOSE TORRES, a.k.a. "Lethal," did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

4

## COUNT THREE
(Possession with Intent to Distribute Heroin)

10.    On or about January 3, 2012, in the District of Connecticut, the defendants

GILBERT GALAN, Jr., a.k.a. "G" and "Skittles," and PIERRE GALAN, a.k.a. "P.L.O.," did

knowingly and intentionally possess with intent to distribute a mixture and substance containing

a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and

Title 18, United States Code, Section 2.

## COUNT FOUR
(Unlawful Possession of Ammunition by a Convicted Felon)

11.    On or about January 3, 2012, in the District of Connecticut, the defendant

GILBERT GALAN, Jr., a.k.a. "G" and "Skittles," having previously been convicted in the

Superior Court of the State of Connecticut of a crime punishable by a term of imprisonment

exceeding one year, that is: Possession of Narcotics, in violation of Connecticut General Statutes

Section 21a-279(a), on July 7, 2004, did knowingly possess ammunition in and affecting

commerce, namely, six Remington .32 caliber rounds, which had been shipped and transported

in interstate or foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT FIVE
(Unlawful Possession of a Firearm by a Convicted Felon)

12.    On or about January 3, 2012, in the District of Connecticut, the defendant

PIERRE GALAN, a.k.a. "P.L.O.," having previously been convicted in the Superior Court of the

State of Connecticut of crimes punishable by a term of imprisonment exceeding one year, that is:

(1) Illegal Possession of an Assault Weapon, in violation of Connecticut General Statutes Section

53a-202(c), on July 28, 2004 and (2) Possession of a Stolen Firearm, in violation of Connecticut

General Statutes Section 53a-212, on July 28, 2004, did knowingly possess a firearm in and affecting commerce, namely, an Industria Nacional D'Armas (INA) Model 3 .32 caliber handgun, bearing serial number 234310, which had been shipped and transported in interstate or foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

### COUNT SIX
(Possession with Intent to Distribute Cocaine and Cocaine Base)

13.     On or about May 17, 2012, in the District of Connecticut, the defendant JEFFREY BENTON, a.k.a. "Fresh," did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine and a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), both Schedule II controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT SEVEN
(Unlawful Possession of Firearms by a Convicted Felon)

14.     On or about May 17, 2012, in the District of Connecticut, the defendant JEFFREY BENTON, a.k.a. "Fresh," having previously been convicted in the Superior Court of the State of Connecticut of crimes punishable by a term of imprisonment exceeding one year, that is: (1) Weapon in a Motor Vehicle, in violation of Connecticut General Statutes Section 29-38, on February 17, 2006, (2) Sale of a Hallucinogen/Narcotic, in violation of Connecticut General Statutes Section 21a-277(a), on February 17, 2006, (3) Sale of a Hallucinogen/Narcotic, in violation of Connecticut General Statutes Section 21a-277(a), on July 21, 2004, and (4) Possession of Narcotics, in violation of Connecticut General Statutes Section 21a-279(a), on July 21, 2004, did knowingly possess firearms in and affecting commerce, namely, (1) a Smith and

Wesson model 469, 9 MM semi-automatic pistol, bearing serial number TBW0314, (2) a Smith and Wesson model 1076, 10 MM semi-automatic pistol, bearing serial number TFE0521, (3) a Ruger model P-94, .40 caliber semi-automatic pistol, bearing serial number 341-27316, and (4) a Glock model 23, .40 caliber semi-automatic pistol, bearing serial number NFL539, all of which had been shipped and transported in interstate or foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT EIGHT
### (Unlawful Possession of Ammunition by a Convicted Felon)

15.     On or about May 17, 2012, in the District of Connecticut, the defendant JEFFREY BENTON, a.k.a. "Fresh," having previously been convicted in the Superior Court of the State of Connecticut of crimes punishable by a term of imprisonment exceeding one year, that is: (1) Weapon in a Motor Vehicle, in violation of Connecticut General Statutes Section 29-38, on February 17, 2006, (2) Sale of a Hallucinogen/Narcotic, in violation of Connecticut General Statutes Section 21a-277(a), on February 17, 2006, (3) Sale of a Hallucinogen/Narcotic, in violation of Connecticut General Statutes Section 21a-277(a), on July 21, 2004, and (4) Possession of Narcotics, in violation of Connecticut General Statutes Section 21a-279(a), on July 21, 2004, did knowingly possess ammunition in and affecting commerce, that is, (1) 32 rounds of PMC .45 caliber ammunition, (2) 7 rounds of Federal .40 caliber ammunition, (3) 25 rounds of Starline .357 magnum caliber ammunition, (4) 5 rounds of Russian 7.62X39 MM ammunition, (5) 2 rounds of Sellier and Bellot 9 MM ammunition, and (6) 30 rounds of Winchester 10 MM ammunition, all of which had been shipped and transported in interstate or foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

7

## COUNT NINE
(Possession of Firearms in Furtherance of a Narcotics Trafficking Crime)

16.    On or about May 17, 2012, in the District of Connecticut, the defendant JEFFREY BENTON, a.k.a. "Fresh," did knowingly and intentionally possess firearms, that is, (1) a Smith and Wesson model 469, 9 MM semi-automatic pistol, bearing serial number TBW0314, (2) a Smith and Wesson model 1076, 10 MM semi-automatic pistol, bearing serial number TFE0521, (3) a Ruger model P-94, .40 caliber semi-automatic pistol, bearing serial number 341-27316, and (4) a Glock model 23, .40 caliber semi-automatic pistol, bearing serial number NFL539, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, that is, the crimes charged in Counts One and Six of this Superseding Indictment.

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(2).

## COUNT TEN
(Possession with Intent to Distribute Cocaine Base)

17.    On or about May 17, 2012, in the District of Connecticut, the defendant ERICK EVANS, a.k.a. "E.J." and "Hoov," did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT ELEVEN
(Unlawful Possession of Ammunition by a Convicted Felon)

18.    On or about May 17, 2012, in the District of Connecticut, the defendant MICHAEL SANTANA, having previously been convicted in the Superior Court of the State of Connecticut of crimes punishable by a term of imprisonment exceeding one year, that is: (1) Strangulation in the Second Degree, in violation of Connecticut General Statutes Section 53a-64bb, on July 26, 2011, (2) Escape in the First Degree, in violation of Connecticut General

8

Statutes Section 53a-169, on August 28, 2006, and (3) Larceny in the Second Degree, in violation of Connecticut General Statutes Section 53a-123, on August 5, 2005, did knowingly possess ammunition in and affecting commerce, namely, eight rounds of Winchester .45 caliber ammunition, which had been shipped and transported in interstate or foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT TWELVE
### (Possession of a Firearm in Furtherance of a Narcotics Trafficking Crime)

19.     On or about May 17, 2012, in the District of Connecticut, the defendant MICHAEL SANTANA, did knowingly and intentionally possess a firearm, namely, a Colt MK IV series 80, .45 caliber pistol, bearing serial number SFA3527, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, that is, the crime charged in Count One of this Superseding Indictment.

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(2).

## FORFEITURE ALLEGATION
### (Controlled Substance Offenses)

20.     Upon conviction of one or more of the controlled substance offenses alleged in Counts One, Two, Three, Six and Ten of this Superseding Indictment, the defendants RICHARD ANDERSON, a.k.a. "Mayut" and "Porter," JEFFREY BENTON, a.k.a. "Fresh," CHOLOE BRIGHT, a.k.a. "Chi-Chi" and "Chello," PHILIP BRYANT, a.k.a. "Phat Phil" and "Fizzy," DANIEL EVANS, a.k.a. "D-Nice," ERICK EVANS, a.k.a. "E.J." and "Hoov," GILBERT GALAN, Jr., a.k.a. "G" and "Skittles," PIERRE GALAN, a.k.a. "P.L.O.," WILLIAM HINES, a.k.a. "Gunz," EMORY JAMES, a.k.a. "Emmo," LAMAR JONES, a.k.a. "Cream," COREY MADDOX, a.k.a. "C.L.," JAMES MOORE, a.k.a. "Coolie D," CHRISTINA PALLUOTO, ROY REID, a.k.a. "Jamma," NELSON RIOS, a.k.a. "Pito," MICHAEL SANTANA, ROBERT

SANTOS, a.k.a. "Scoot," ALEXIS SUTTON, JOSE TORRES, a.k.a. "Lethal," and MARCUS

WYLIE, a.k.a. "Wally Don," shall forfeit to the United States, pursuant to Title 21, United States

Code, Section 853, all right, title, and interest in any property constituting, or derived from,

proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States

Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or

part, to commit, or to facilitate the commission of, the said violations and a sum of money equal

to the total amount of proceeds obtained as a result of the offenses.

21.     If any of the above-described forfeitable property, as a result of any act or

omission of the defendants, cannot be located upon the exercise of due diligence, has been

transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the

court, has been substantially diminished in value, or has been commingled with other property

that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up

to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2(a),

Federal Rules of Criminal Procedure.

## FORFEITURE ALLEGATION
### (Firearms and Ammunition Offenses)

22.     Upon conviction of the firearms and ammunition offenses alleged in Counts Four,

Five, Seven, Eight, Nine, Eleven and Twelve of this Superseding Indictment, the defendants

GILBERT GALAN, Jr., a.k.a. "G" and "Skittles," PIERRE GALAN, a.k.a. "P.L.O.," JEFFREY

BENTON, a.k.a. "Fresh," and MICHAEL SANTANA, shall forfeit to the United States,

pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code,

Section 2461(c), all firearms and ammunition involved in the commission of the offenses,

10

including but not limited to the following: six Remington .32 caliber rounds; an Industria Nacional D'Armas (INA) Model 3 .32 caliber handgun, bearing serial number 234310; a Smith and Wesson model 469, 9 MM semi-automatic pistol, bearing serial number TBW0314; a Smith and Wesson model 1076, 10 MM semi-automatic pistol, bearing serial number TFE0521; a Ruger model P-94, .40 caliber semi-automatic pistol, bearing serial number 341-27316; a Glock model 23, .40 caliber semi-automatic pistol, bearing serial number NFL539; 32 rounds of PMC .45 caliber ammunition; 7 rounds of Federal .40 caliber ammunition; 25 rounds of Starline .357 magnum caliber ammunition; 5 rounds of Russian 7.62X39 MM ammunition; 2 rounds of Sellier and Bellot 9 MM ammunition; 30 rounds of Winchester 10 MM ammunition; and a Colt MK IV series 80, .45 caliber pistol, bearing serial number SFA3527, all of which were seized on January 3, 2012 or May 17, 2012.

A TRUE BILL

/s/
FOREPERSON

UNITED STATES OF AMERICA

/s/
DEIRDRE M. DALY
ACTING UNITED STATES ATTORNEY

/s/
S. DAVE VATTI
ASSISTANT UNITED STATES ATTORNEY

/s/
MARC H. SILVERMAN
ASSISTANT UNITED STATES ATTORNEY