ELECTRONIC ENDORSEMENT ON SECOND MOTION FOR RECONSIDERATION OF PRETRIAL DETENTION ORDER, filed 8/20/13 (Dkt. #1191) in <u>UNITED STATES V. PHILIP BRYANT</u>, 12 CR 104 (EBB)

9/30/13 – On June 7, 2012, defendant was detained without prejudice to renew. (Dkt. #284). On May 10, 2013, defendant filed his first Motion for Release for Custody (Dkt. #908), as to which the AUSA filed his brief in opposition four days later. (Dkt. #914). Defense counsel did not pursue this motion, which is now <u>denied without prejudice as moot</u>.

On August 20, 2013, new defense counsel filed the Second Motion for Reconsideration of Pretrial Detention Order (Dkt. #1191), in response to which the AUSA relies upon his prior brief in opposition. A hearing was held before this Magistrate Judge on September 27, 2013.

With respect to the issue of risk of flight, the Second Circuit has established a two-tier test:

> First, the court must make a finding as to whether the defendant presents a risk of flight if not detained . . . .
>
> Second, if the court finds that a defendant is likely to flee, then the court must proceed to the second step of the inquiry, namely, whether there are conditions or a combination of conditions which reasonably will assure the presence of the defendant at trial if he is released. The burden of proof is on the government to prove the absence of such conditions by a preponderance of the evidence.

<u>United States v. Shakur</u>, 817 F.2d 189, 194-95 (2d Cir.)(citations omitted), <u>cert. denied</u>, 484 U.S. 840 (1987).

As indicated at the conclusion of the hearing, the Government has satisfied the first tier, in that if convicted, defendant faces a mandatory minimum term of imprisonment of five years and for as much as forty years, which exposure greatly exceeds any potential penalty that defendant has faced for his prior convictions in state court – for larceny, assault, and violation of probation.

As further indicated in court, the Government also has satisfied the second tier, largely in light of defendant's "bleak criminal history," as described by the AUSA. Most significantly, while on probation for two felonies in state court, for which he served some prison time, defendant was then convicted in 2012 for violation of probation, receiving a sentence of five years suspended, and two more years of probation. While on probation for these three charges now, defendant was intercepted in more than 200-300 phone calls, many of which appear to involve drug and gun transactions. (See Dkt. #914, at 2-4). Although defendant's father appears to be an ideal third party custodian, defendant's dismal track record with the state criminal justice system does not bode well for his ability

to follow the dictates of the U.S. Probation Office and his father.[1]

At the hearing, defendant raised a due process claim, in that defendant presently has been in detention for seventeen months. (See Dkt. #908, at 4; Dkt. #914, at 4-6). As of the present time, jury selection is scheduled for next week, on October 8, 2013, and the jury trial one week later, on October 15, 2013. (Dkt. #1267). Therefore, the Court need not address this issue. However, as indicated at the conclusion of the court hearing, if Judge Burns postpones the trial for a significant time (see Dkt. #1309), then defendant is free to file another Motion for Reconsideration.

---

[1] In light of this finding, there is no need to reach the isue of danger to the community. (See Dkt. #914, at 6-9).